**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

| | |
|---|---|
| RONALD E. ROGERS, an Individual, | **00-73986** |
| Plaintiff, | Civil Action No. |
| v. | JOHN FEIKENS |
| DESA INTERNATIONAL, INC., a Kentucky corporation; HOMER TLC, INC. d/b/a HOME DEPOT, a Delaware corporation; LF CORPORATION d/b/a LOWE'S HOME IMPROVEMENT WAREHOUSE, a Delaware corporation; and NORTHERN TOOL & EQUIPMENT COMPANY, INC, a Minnesota corporation, | MAGISTRATE JUDGE KOMIVES |
| Defendants. | |

RICHARD W. HOFFMANN (P42352)
ANDREW M. GROVE (P48868)
ERIC T. JONES (P51470)
Reising, Ethington, Barnes, Kisselle,
Learman & McCulloch, PC
201 West Big Beaver Road, Suite 400
Troy, Michigan 48084
PO Box 3290
Troy, Michigan 48099-4390
248-689-3500
*Attorneys for Plaintiff*

### COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Ronald E. Rogers, by and through his attorneys, Reising, Ethington, Barnes, Kisselle, Learman & McCulloch, PC, and for his Complaint against Defendants, DESA International, Inc., Homer TLC, Inc., LF Corporation, and Northern Tool & Equipment Company, Inc., states as follows:

1



## PARTIES

1. Plaintiff, Ronald E. Rogers, is an individual residing in the City of North Branch, County of Lapeer, State of Michigan 48641.

2. On information and belief, Defendant, DESA International, Inc., is a Kentucky corporation whose principal place of business is located at 2701 Industrial Drive, City of Bowling Green, County of Warren, State of Kentucky 42101.

3. On information and belief, Defendant Homer, TLC, Inc. is a Delaware corporation, having a place of business at 1404 Society Drive, City of Claymont, County of New Castle, State of Delaware 19703.

4. On information and belief, Defendant Homer TLC, Inc. does business under the name Home Depot.

5. On information and belief, Defendant LF Corporation, is a Delaware Corporation having a place of business at 1409 Foulk Road, Suite 102, PO Box 7108, City of Wilmington, County of New Castle, State of Delaware 19803.

6. On information and belief, Defendant LF Corporation does business under the name Lowe's Home Improvement Warehouse.

7. On information and belief, Defendant Northern Tool & Equipment Company, Inc. is a Minnesota corporation having a place of business at 2800 Southcross Drive West, City of Burnsville, County of Dakota, State of Minnesota 55306.

## JURISDICTION

8. This suit arises under the Patent Laws of the United States, 35 U.S.C. §1, et seq. and trade secret misappropriation under the Uniform Trade Secrets Act of the State of Kentucky, KRS 365.880 to 365.900 (created Ky. Acts ch. 300, sec. 1, effective July 13, 1990).

9. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §1338 and 28 U.S.C. §1367 over the State claims.

## COUNT I - INFRINGEMENT OF UNITED STATES PATENT NO. 5,884,403

10. Plaintiff realleges the allegations of Paragraphs 1 through 9 above.

11. Ronald E. Rogers is the owner of United States Patent No. 5,884,403 (the '403 patent) entitled Powered Tree Limb Trimming Device, which was duly and legally issued by the United States Patent and Trademark Office on March 23, 1999. A copy of the '403 patent is attached hereto as Exhibit A.

12. Defendant DESA International has had actual and/or constructive notice of the '403 patent.

13. Defendants Homer TLC, LF Corporation, and Northern Tool & Equipment have at least had constructive notice of the '403 patent.

14. Although DESA International has had actual and constructive notice of the '403 patent, DESA International manufactures, offers for sale, uses and sells pole saws that infringe the '403 patent. DESA International will continue to infringe the '403 patent unless enjoined by this Court.

15. Although Defendants Homer TLC, LF Corporation, and Northern Tool & Equipment have constructive notice of the '403 patent, Homer TLC, LF Corporation, and Northern Tool & Equipment offer for sale, sell, and have sold and have used and uses pole saws that infringe the '403 patent.

16. The Defendants' acts of infringement have caused, are causing and will continue to cause Plaintiff irreparable injury.

3

17. On information and belief, Defendants' acts of infringement have been willful and deliberate.

WHEREFORE, Plaintiff Ronald E. Rogers prays for judgment against Defendants DESA International, Inc., Homer TLC, Inc., LF Corporation, and Northern Tool & Equipment Company, Inc., their respective successors, subsidiaries, affiliates, officers, agents, servants, employees, and all person in active concert or participation with them as follows:

A. Entry of a Preliminary and Permanent Injunction prohibiting Defendants DESA International, Inc., Homer TLC, Inc. d/b/a Home Depot, LF Corporation d/b/a Lowe's Home Improvement Warehouse, and Northern Tool & Equipment Company, Inc. from further acts of infringement of the '403 patent;

B. An award to Plaintiff of such damages adequate to compensate him for the infringement of the '403 patent, but in no event less than a reasonable royalty pursuant to 35 U.S.C. §284;

C. An increase in the award to Plaintiff up to three times pursuant to 35 U.S.C. §284, together with prejudgment interest and costs;

D. That the acts of the Defendants be adjudicated to be willful and deliberate;

E. A finding that this case is exceptional and an award to Plaintiff of his reasonable attorney fees provided by 35 U.S.C. §285; and

F. Such other and further relief as this Court and/or a jury may deem just and equitable.

## COUNT II - TRADE SECRET MISAPPROPRIATION UNDER KENTUCKY LAW AGAINST DEFENDANT DESA INTERNATIONAL

18.   Plaintiff realleges the allegations of Paragraphs 1 through 17 above.

19.   This Count for trade secret misappropriation arises under the Uniform Trade Secrets Act of the State of Kentucky, KRS 365.880 to 365.900 (created 1990 Ky. Act ch. 300, sec. 1, effective July 13, 1990).

20.   Plaintiff invented a novel pole saw device and made reasonable efforts to maintain the secrecy and, therefore, the trade secret status of the device until a patent could be prosecuted to issuance in the United States Patent and Trademark Office.

21.   Plaintiff disclosed the trade secret pole saw device to Defendant DESA International under circumstances giving rise to a duty to maintain its secrecy and limit its use to evaluation for possible purchase of the right to manufacture and sell pole saws incorporating Plaintiff's trade secret design.

22.   Defendant DESA International has manufactured and sold pole saws incorporating Plaintiff's trade secret design without Plaintiff's express or implied consent.

23.   The actions of Defendant DESA International in publicly disclosing and using Plaintiff's trade secret pole saw design without Plaintiff's express or implied consent while knowing or having reason to know that DESA International's knowledge of Plaintiff's trade secret was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use, constitute trade secret misappropriation under the Kentucky Uniform Trade Secrets Act.

24.   Upon information and belief, DESA International's activities outlined above were willful and made with a reckless intention of publicly disclosing, making, using, selling and profiting from Plaintiff's trade secret pole saw design without compensating Plaintiff.

WHEREFORE, Plaintiff Ronald E. Rogers prays for judgment against Defendant DESA International, Inc., its successors, subsidiaries, affiliates, officers, agents, servants, employees, and all person in active concert or participation with it as follows:

A.  Preliminary and permanently enjoined from further manufacture, use and sale of pole saws incorporating Plaintiff's pole saw design to eliminate further commercial advantage that DESA International might otherwise derive from the misappropriation;

B.  That Plaintiff be awarded both compensatory and exemplary damages for the Count stated herein;

C.  That DESA International's acts be adjudicated to be willful and deliberate;

D.  That Plaintiff be awarded damages under the Uniform Trade Secrets Act of the State of Kentucky for DESA International trade secret misappropriation to include:

(1). Actual loss caused by DESA International's breach of secrecy and misappropriation;

(2). Unjust enrichment caused by DESA International's breach of secrecy and misappropriation;

(3). Exemplary damages equaling twice any award made under (1) and/or (2) above; and

(4). Reasonable attorney fees.

E.  That Plaintiff be awarded any additional damages, including punitive damages, to which it is entitled for DESA International's breach of secrecy and trade secret misappropriation;

F.  That Plaintiff be awarded his costs; and

G.  That Plaintiff be awarded such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

by /s/ Richard W. Hoffmann
RICHARD W. HOFFMANN (P42352)
ANDREW M. GROVE (P48868)
ERIC T. JONES (P51470)
Reising, Ethington, Barnes, Kisselle,
Learman & McCulloch, PC
201 West Big Beaver Road, Suite 400
Troy, Michigan 48084
PO Box 3290
Troy, Michigan 48099-4390
248-689-3500
*Attorneys for Plaintiff*

Date:

## JURY DEMAND

Plaintiff, Ronald E. Rogers, hereby demands a trial by jury.

Respectfully submitted,

by /s/ Richard W. Hoffmann
RICHARD W. HOFFMANN (P42352)
ANDREW M. GROVE (P48868)
ERIC T. JONES (P51470)
Reising, Ethington, Barnes, Kisselle,
Learman & McCulloch, PC
201 West Big Beaver Road, Suite 400
Troy, Michigan 48084
PO Box 3290
Troy, Michigan 48099-4390
248-689-3500
*Attorneys for Plaintiff*

Date:

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED



