UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

RONALD E. ROGERS, an Individual, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO.: 00-73986
)
DESA INTERNATIONAL, INC., ) JUDGE JOHN FEIKENS
a Kentucky corporation; )
HOME DEPOT U.S.A., INC. ) MAGISTRATE JUDGE KOMIVES
d/b/a HOME DEPOT, a Delaware corporation; )
LOWE'S COMPANIES INC. d/b/a LOWE'S )
HOME IMPROVEMENT WAREHOUSE, )
a North Carolina corporation; and )
NORTHERN TOOL & EQUIPMENT )
COMPANY, INC. a Minnesota corporation, )
)
Defendants. )

## NORTHERN TOOL'S ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM and JURY DEMAND

NOW COMES Defendant, Northern Tool & Equipment Company, Inc. ("Northern Tool"), by and through its attorneys, McAlpine & McAlpine, P.C. and Jones, Day, Reavis & Pogue, and in answer to Ronald E. Rogers' ("Rogers") First Amended Complaint, states as follows:

### PARTIES

1. Plaintiff, Ronald E. Rogers, is an individual residing in the City of North Branch, County of Lapeer, State of Michigan 48641.

**ANSWER:** Northern Tool is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the First Amended Complaint, and on that basis denies those allegations.



1

2. On information and belief, Defendant, DESA International, Inc., is a Kentucky corporation whose principal place of business is located at 2701 Industrial Drive, City of Bowling Green, County of Warren, State of Kentucky 42101.

**ANSWER:** Northern Tool is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the First Amended Complaint, and on that basis denies those allegations.

3. On information and belief, Defendant Home Depot U.S.A., Inc. is a Delaware corporation, having a place of business at 1404 Society Drive, City of Claymont, County of New Castle, State of Delaware 19703.

**ANSWER:** Northern Tool is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the First Amended Complaint, and on that basis denies those allegations.

4. On information and belief, Defendant Home Depot U.S.A., Inc. does business under the name Home Depot.

**ANSWER:** Northern Tool is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the First Amended Complaint, and on that basis denies those allegations.

5. On information and belief, Defendant Lowe's Companies Inc., is a North Carolina Corporation having a place of business at 1605 Curtis Bridge Rd., City of Wilkesboro, County of Wilkes, State of North Carolina 28697.

**ANSWER:** Northern Tool is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the First Amended Complaint, and on that basis denies those allegations.

6. On information and belief, Defendant Lowe's Companies Inc. Corporation does business under the name Lowe's Home Improvement Warehouse.

**ANSWER:** Northern Tool is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the First Amended Complaint, and on that basis denies those allegations.

7. On information and belief, Defendant Northern Tool & Equipment Company, Inc. is a Minnesota corporation having a place of business at 2800 Southcross Drive West, City of Burnsville, County of Dakota, State of Minnesota 55306.

**ANSWER:** Admitted.

## JURISDICTION

8. This suit arises under the Patent Laws of the United States, 35 U.S.C. §1, et seq. and trade secret misappropriation under the Uniform Trade Secrets Act of the State of Kentucky, KRS 365.880 to 365.900 (created Ky. Acts ch. 300, sec. 1, effective July 13, 1990).

**ANSWER:** Northern Tool admits that Rogers purports to assert a claim under the Patent Laws of the United States against Northern Tool. Northern Tool denies that such claim has merit and denies any remaining allegations contained in paragraph 8 of the First Amended Complaint.

9. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §1338 and 28 U.S.C. §1367 over the State claims.

**ANSWER:** Northern Tool states that the allegations in paragraph 9 of the First Amended Complaint constitute a legal conclusion and not an allegation of fact to which an admission or denial is not required. To the extent, however, paragraph 9 contains factual allegations, Northern Tool admits that this Court has subject matter jurisdiction over the claim against Northern Tool pursuant to 28 U.S.C. § 1338. Northern Tool is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the First Amended Complaint, and on that basis denies those allegations.

## COUNT I - INFRINGEMENT OF UNITED STATES PATENT NO. 5,884,403

10. Plaintiff realleges the allegations of Paragraphs 1 though 9 above.

3

**ANSWER:** Northern Tool adopts and incorporates by reference its foregoing answers to paragraphs 1-9 of the First Amended Complaint as if fully restated herein.

11. Ronald E. Rogers is the owner of United States Patent No. 5,884,403 (the '403 patent) entitled Powered Tree Limb Trimming Device, which was duly and legally issued by the United States Patent and Trademark Office on March 23, 1999. A copy of the '403 patent is attached hereto as Exhibit A.

**ANSWER:** Northern Tool admits that U.S. Patent No. 5,884,403 is entitled "Powered Tree Limb Trimming Device," and that such patent issued on March 23, 1999. Northern Tool denies that such patent was duly and legally issued by the United States Patent and Trademark Office. Northern Tool also denies that such patent is attached as an exhibit to the First Amended Complaint. Northern Tool is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the First Amended Complaint, and on that basis denies those allegations.

12. Defendant DESA International has had actual and/or constructive notice of the '403 patent.

**ANSWER:** Northern Tool is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the First Amended Complaint, and on that basis denies those allegations.

13. Defendants Home Depot U.S.A., Inc., Lowe's Companies Inc., and Northern Tool & Equipment have at least had constructive notice of the '403 patent.

**ANSWER:** Northern Tool denies the allegations contained in paragraph 13 of the First Amended Complaint that relate to Northern Tool. Northern Tool is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the First Amended Complaint, and on that basis denies those allegations.

14. Although DESA International has had actual and constructive notice of the '403 patent, DESA International manufactures, offers for sale, uses and sells pole saws that infringe

4

the '403 patent. DESA International will continue to infringe the '403 patent unless enjoined by this Court.

**ANSWER:** Northern Tool is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the First Amended Complaint, and on that basis denies those allegations.

15. Although Defendants Home Depot U.S.A., Inc., Lowe's Companies Inc., and Northern Tool & Equipment have constructive notice of the '403 patent, Home Depot U.S.A., Inc., Lowe's Companies Inc., and Northern Tool & Equipment offer for sale, sell, and have sold and have used and uses pole saws that infringe the '403 patent.

**ANSWER:** Northern Tool denies the allegations contained in paragraph 15 of the First Amended Complaint that relate to Northern Tool. Northern Tool is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the First Amended Complaint, and on that basis denies those allegations.

16. The Defendants' acts of infringement have caused, are causing and will continue to cause Plaintiff irreparable injury.

**ANSWER:** Northern Tool denies the allegations contained in paragraph 16 of the First Amended Complaint that relate to Northern Tool. Northern Tool is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the First Amended Complaint, and on that basis denies those allegations.

17. On information and belief, Defendants' acts of infringement have been willful and deliberate.

**ANSWER:** Northern Tool denies the allegations contained in paragraph 17 of the First Amended Complaint that relate to Northern Tool. Northern Tool is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the First Amended Complaint, and on that basis denies those allegations.

## COUNT II - TRADE SECRET MISAPPROPRIATION UNDER KENTUCKY LAW AGAINST DEFENDANT DESA INTERNATIONAL

18. Plaintiff realleges the allegations of Paragraphs 1 through 17 above.

**ANSWER:** Since this Count is not directed against Northern Tool, Northern Tool need not respond to the allegations contained in paragraph 18 of the First Amended Complaint.

19. This Count for trade secret misappropriation arises under the Uniform Trade Secrets Act of the State of Kentucky, KRS 365.880 to 365.900 (created 1990 Ky. Act ch. 300, sec. 1, effective July 13, 1990).

**ANSWER:** Since this Count is not directed against Northern Tool, Northern Tool need not respond to the allegations contained in paragraph 19 of the First Amended Complaint.

20. Plaintiff invented a novel pole saw device and made reasonable efforts to maintain the secrecy and, therefore, the trade secret status of the device until a patent could be prosecuted to issuance in the United States Patent and Trademark Office.

**ANSWER:** Since this Count is not directed against Northern Tool, Northern Tool need not respond to the allegations contained in paragraph 20 of the First Amended Complaint.

21. Plaintiff disclosed the trade secret pole saw device to Defendant DESA International under circumstances giving rise to a duty to maintain its secrecy and limit its use to evaluation for possible purchase of the right to manufacture and sell pole saws incorporating Plaintiff's trade secret design.

**ANSWER:** Since this Count is not directed against Northern Tool, Northern Tool need not respond to the allegations contained in paragraph 21 of the First Amended Complaint.

22. Defendant DESA International has manufactured and sold pole saws incorporating Plaintiff's trade secret design without Plaintiff's express or implied consent.

**ANSWER:** Since this Count is not directed against Northern Tool, Northern Tool need not respond to the allegations contained in paragraph 22 of the First Amended Complaint.

23. The actions of Defendant DESA International in publicly disclosing and using Plaintiff's trade secret pole saw design without Plaintiff's express or implied consent while knowing or having reason to know that DESA International's knowledge of Plaintiff's trade secret was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use, constitute trade secret misappropriation under the Kentucky Uniform Trade Secrets Act.

**ANSWER:** Since this Count is not directed against Northern Tool, Northern Tool need not respond to the allegations contained in paragraph 23 of the First Amended Complaint.

24. Upon information and belief, DESA International's activities outlined above were willful and made with a reckless intention of publicly disclosing, making, using, selling and profiting from Plaintiff's trade secret pole saw design without compensating Plaintiff.

**ANSWER:** Since this Count is not directed against Northern Tool, Northern Tool need not respond to the allegations contained in paragraph 24 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

1. Personal jurisdiction and venue are not proper in this forum.

2. Northern Tool has not infringed and does not infringe any valid claim of the '403 patent.

3. Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel and/or acquiescence.

4. The '403 patent is invalid for failing to satisfy the conditions of patentability set forth in Title 35, United States Code, including §§ 102 and 103 thereof.

## COUNTERCLAIM

Counterplaintiff, Northern Tool & Equipment Company, Inc. ("Northern Tool"), for its counterclaim against Counterdefendant, Ronald E. Rogers ("Rogers"), states as follows:

1. Northern Tool is a Minnesota corporation having a principal place of business at 2800 Southcross Drive West, Burnsville, Minnesota 55306.

2. Upon information and belief, Counterdefendant Ronald E. Rogers is an individual residing in the City of North Branch, County of Lapeer, State of Michigan 48641.

7

## JURISDICTION AND VENUE

3. This counterclaim arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

4. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 2201, 1331 and 1338. Venue is proper in this District Court under 28 U.S.C. § 1391.

5. This Court has personal jurisdiction over Rogers.

## COUNT I

## DECLARATORY JUDGMENT FOR INVALIDITY AND NON-INFRINGEMENT OF U.S. PATENT NO. 5,884,403

6. Northern Tool realleges and incorporates herein by reference Paragraph 1 through 5 of this Counterclaim.

7. United States Patent No. 5,884,403 ("the '403 Patent") was issued by the United States Patent and Trademark Office ("PTO") on March 23, 1999. Rogers claims he owns all right, title and interest in and to the '403 Patent.

8. Rogers has asserted that Northern Tool infringes the '403 Patent.

9. The '403 Patent is invalid for failing to satisfy the conditions of patentability set forth in Title 35, United States Code, including §§ 102 and 103 thereof.

10. Northern Tool has not infringed any valid claim of the '403 Patent.

11. An actual and justiciable controversy exists between the parties hereto regarding the validity and infringement of the '403 Patent.

12. A judicial declaration is necessary and appropriate at this time. Rogers' assertion of patent infringement will irreparably injure and will continue to injure Northern Tool.

## JURY DEMAND

Northern Tool hereby demands a trial by jury for all issues so triable in this case.

## **PRAYER FOR RELIEF**

WHEREFORE, Northern Tool prays that:

1. Rogers take nothing by virtue of the First Amended Complaint;

2. The First Amended Complaint be dismissed with prejudice;

3. The Court enter a judgment declaring the '403 Patent invalid;

4. The Court enter a judgment declaring that Northern Tool has not infringed, and is not presently infringing any claim of the '403 Patent;

5. The Court award Northern Tool its costs, attorneys' fees and expenses; and

6. The Court award Northern Tool such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Mark L. McAlpine (P35583)
Steven A. Wright (P56970)
McALPINE & McALPINE, P.C.
200 East Long Lake Road, Suite 160
Bloomfield Hills, Michigan 48304-2336
(248) 723-5100

Of Counsel:
David L. Witcoff
Marc S. Blackman
Stacy A. Baim
JONES, DAY, REAVIS & POGUE
77 West Wacker Drive
Chicago, Illinois 60601-1692
(312) 782-3939

Attorneys for Defendant,
NORTHERN TOOL & EQUIPMENT COMPANY, INC.

Date: November 13, 2000